# Hale, *et al. v.* Vaughan, Ex'r.

*Bill in Equity to enjoin Sale of Land under Mortgage, and to have Mortgage declared void; Cross-bill by Mortgagee to foreclose Mortgage.*

1. *Striking answer from file ; when error not shown.*—On appeal all reasonable presumptions are indulged to support the judgment or decree of the primary court, and no intendments are made for its reversal ; and hence, this court can not say that the chancery court erred in striking answers to a cross-bill from the file, or in refusing to allow answers to be filed thereto, when they are not embodied in the record.

APPEAL from Tallapoosa Chancery Court.
Heard before Hon. N. S. GRAHAM.
Bill in equity by mortgagor to enjoin a sale of the land conveyed by the mortgage, under a power contained therein, and to have the mortgage declared void as against public policy ; and cross-bill by the mortgagee, seeking a foreclosure of the mortgage. The facts necessary to an understanding of the points decided are sufficiently stated in the opinion.

W. D. BULGER, for appellants.

Name of counsel for appellee not shown by the record.

PER CURIAM.—The cause has been submitted without an argument in support of the assignments of error. We have, however, examined them, and are not of opinion they are well taken. The answers to the cross-bill, which were stricken from the file, are not embodied in the record ; and, in their absence, we can not say that the chancellor erred in striking them out.

They may have been scandalous and impertinent, or, it may be, filed after a decree *pro confesso* had been obtained, without the leave of the court. All reasonable presumptions are indulged to support a judgment or decree ; intendments are not made for its reversal. The same remark may be made as to the refusal of the chancellor to allow answers to be filed. If a decree *pro confesso* had been rendered against the defendants (which seems to be the case), it could be set aside only on filing full and complete answers ; and, if necessary to support the ruling of the chancellor, the answers not being introduced into the record, we must presume they were rejected because in this respect insufficient. There is nothing requiring notice in the other assignment of error.

Affirmed.

STONE, J., not sitting.